CHEHARDY, Judge.
Arnold Richard Jr., a welder, appeals the dismissal of his suit for worker’s compensation benefits. He was injured on the job on March 30, 1982 when he fell on a steel framework and landed straddling a vertical steel plate. He was paid benefits from April 7, 1982 through May 18, 1982. His benefits were terminated after a physician certified him as able to return to work. A year later he filed suit, claiming total permanent disability.
At trial the only issues were whether the plaintiff’s injuries resulted from the work-related accident and, if so, the extent of those injuries. Richard claimed the fall caused him to suffer chronic pain in his lower back, hip and legs and that the trauma aggravated a pre-existing degenerative *387 osteoarthritic condition of his right knee. He claimed further that his other medical problems (e.g., arthritis in the spine and a compression fracture of his thoracic spine), combined with the problems resulting from the 1982 accident, had the cumulative effect of making him totally and permanently disabled, under the odd-lot doctrine enunciated in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
In his reasons for judgment, the trial judge stated that a series of physicians had treated the plaintiff, but the consensus of their opinions was that the plaintiff appeared to overreact to pain. He noted further, “[N]o objective finding of any significance gave credence to plaintiffs claim of total and permanent disability.” He indicated he found no reasonable possibility that the injuries plaintiff claimed were connected to the work-related accident.
In conclusion, the judge stated,
“It is obvious that the plaintiff has some type of chronic back disorder, but the doctor’s reports coincide with the Court’s evaluation of the plaintiff’s testimony, which was replete with inconsistencies.
“The Court is of the opinion that the defendant’s payments of compensation shortly after the incident complained of were all that the plaintiff was entitled to under the law.”
On appeal, the plaintiff relies on Hammond v. Fidelity & Cas. Co. of New York, 419 So.2d 829 (La.1982) and Nash v. Ewing Timber, Inc., 431 So.2d 893 (La.App. 2 Cir. 1983). Those cases enunciated the principle that an employee’s disability will be presumed to have resulted from an employment accident if before the accident the employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided the evidence shows there is a reasonable possibility of causal connection between the accident and the disabling condition.
This is not a conclusive presumption, however; the defendant must come forward with sufficient contrary evidence to rebut it. Hammond v. Fidelity & Cas. Co. of New York, supra.
This case turns entirely on factual determinations by the trial judge. The established law in this state is that when there is evidence before the trier of fact which, upon a reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, the appellate court may not disturb this factual finding on review unless there is manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Our own careful review of the evidence shows no manifest error. The plaintiff’s own testimony was vague and he contradicted himself several times. There was evidence that plaintiff underwent two pre-employment physicals at different times after the 1982 accident and was classified as “Class A” (no restrictions on type of work). The plaintiff explained this by asserting he had to work because the defendants would not pay him compensation and so he lied on the physicals.
None of the four physicians who testified could find any continuing disability in the plaintiff that they could relate to the 1982 accident. The histories plaintiff gave each of them indicated numerous prior injuries, both job-related and non-job-related. The complaints plaintiff makes now are similar to complaints he made several years ago. Other than for a brief period immediately after the 1982 accident, none of the physicians could find objective symptoms to account for plaintiff’s complaints. We infer from the physicians’ testimony they considered some of the plaintiff’s complaints to be either psychosomatic or feigned.
As the trial judge stated, there is no doubt plaintiff suffers some real back disorder. There is, however, great doubt that the back disorder was caused or aggravated by the accident made the basis of this lawsuit. Plaintiff failed to carry his burden of proof at trial and has shown us no manifest error to justify reversing the trial judge’s decision.
*388 For the foregoing reasons the judgment of the district court is affirmed. Each party is to bear his or its own costs.
AFFIRMED.